MARY GOULD *vs.* EDWARD MANSFIELD & others.

An oral promise to make a will of all the testator's property, real and personal, in favor
of a person who in consideration thereof agrees to make a similar will in favor of the
first testator and makes one accordingly, is a contract for the sale of lands, within the
statute of frauds, Gen. Sts. *c.* 105, § 1.

BILL IN EQUITY filed December 27, 1866, by Nancy Gould's
sister, praying for a decree to compel the executors of said
Nancy's last will and testament, and the various legatees and
devisees under the same, to deliver to the plaintiff the estate
which the testatrix, who died June 8, 1865, disposed of by said
will otherwise than to the plaintiff.   The ground for seeking
relief was, that the provisions of the will were in violation of
an oral agreement for mutual wills between the plaintiff and
said Nancy.   The defendants demurred, alleging, among other
grounds of demurrer, that the agreement was within the statute
of frauds, Gen. Sts. *c.* 105, § 1; and the case was reserved by
*Hoar*, J., for the determination of the full court, and was argued
orally in November 1867, and again at this session in writing.
The material facts are stated in the opinion.

*E. Bangs*, for the defendants.

*B. Dean & T. Dean*, for the plaintiff.

CHAPMAN, C. J.   The bill states, in substance, an oral agree-
ment between the plaintiff and Nancy Gould, deceased, the tes-
tatrix of the defendant executors, the purport of which was, that
each of them should make a will in the other's favor, and give
and devise thereby all her property, both real and personal, to
the other, and that neither of them was to make any different
will at any time, or to dispose of her property in any different
manner therefrom.   The plaintiff alleges that the said Nancy
did make her will accordingly, and informed the plaintiff thereof
and thereupon the plaintiff made her will in accordance with

the agreement, and did not revoke it during Nancy's lifetime, or make any different will; that Nancy stated the agreement to divers persons during her lifetime; that the plaintiff performed services for Nancy, and expended money for her, under the belief that such a will existed; but that Nancy made another will, which has been proved and allowed, giving her property to others. The wills were to be of all the real and personal property which they had, but no property is mentioned as being included in them except a house, which they owned in common, and in which they lived together. The personal estate, if any, seems to have been of minor importance, and the agreement in respect to it is not divisible from that relating to the real estate.

Among other defences set up, the statute of frauds is pleaded, and it is contended by the defendants that this was a contract for the sale of lands within that statute. On the contrary, the plaintiff denies that it is a contract for a sale within the statute.

If we look at the character of the act to be done, we find that a will is considered in the nature of a conveyance by way of appointment. *Harwood* v. *Goodright*, Cowp. 87, 90. "It doth as effectually give and transfer estates, and alter the property of lands and goods, as acts executed by deeds in the lifetime of the parties." 1 Shep. Touch. 402. A devisee comes within the legal definition of one who takes by purchase. Watkins on Descents, 155. And the contract set forth in the bill is a contract to convey, by the act alleged, a title in fee simple to lands for a consideration. In *Harder* v. *Harder*, 2 Sandf. Ch. 17, such a contract was held to be within the statute of frauds; and in *Walpole* v. *Orford*, 3 Ves. 402, Lord Chancellor Loughborough so regarded it. See also Browne on St. of Frauds, (3d ed.) § 263. In the recent case of *Caton* v. *Caton*, Law Rep. 1 Ch. 137, and 2 H. L. 127, the same doctrine was held. We see no ground to differ from these authorities, and must regard it as a contract for the sale of lands, within the statute of frauds.

There has been no part performance which amounts to anything. The plaintiff says she made a will devising her property to Nancy. But such an instrument was ambulatory, and might have been revoked by various acts, or by implication of law

from subsequent changes in the condition or circumstances of the testator. Gen. Sts. *c.* 92, § 11. The plaintiff's property is still, as it has always been, in her own hands, and subject to her own control. The services rendered and money paid by the plaintiff are not alleged to have been in part performance of the contract.

It is unnecessary to consider the provision of the statute of frauds as to the personal property, it being indivisible from the real estate in respect to the alleged contract, if indeed there be such property of any considerable value.

These views being fatal to the plaintiff's case, it is not necessary to decide the other questions discussed.

*Demurrer sustained.*