# Wytheville.

## HALE v. HALE.

JUNE 14th, 1894.

1. WILLS—*Specific enforcement—Oral agreement.*—An oral agreement between two sisters to make mutual wills cannot be specifically enforced after the death of one of them on the ground of part performance, where there has been no further performance than the making and preserving of the wills and the will of the decedent has been revoked by her marriage after its execution.

2. IDEM—*Contract to make—Statute of fraud.*—One may by a certain and definite contract, bind himself to dispose of his estate by will in a particular way, and such contract in a proper case will be specifically enforced in equity. But such contract in respect to real estate is within the statute of frauds. Code, § 2840. The memorandum in writing required by that statute must contain all the essential elements of the contract (except the consideration), without recourse to parol proof.

3. IDEM—*Case at bar.*—The requirement of § 2840 is not satisfied where (as in the case here) the only memorandum is one of two mutual wills, neither referring to the other or to any other writing.

4. PART PERFORMANCE—*What is.*—Acts of part performance to take a parol contract out of the statute of frauds, must be of such unequivocal nature as of themselves to be evidence of the existence of an agreement; as for example, where, under paral agreement to sell land, the purchaser is put in possession, and makes improvements.

5. ESTOPPEL—*Mistake of law.*—The mistaken view of a testatrix that her marriage subsequent to the execution of her will, was not a revocation thereof, does not estop her heirs from claiming that the will was revoked under Code, § 2517.

Appeal from decree of circuit court of Franklin county, rendered October 8, 1891, in a cause wherein the appellant, Mary D. Hale, was complainant, and the appellees, John S. Hale,

and others, were defendants. .By the decree the demurrer
to her bill was sustained and her suit dismissed, and she ap-
pealed.   Opinion states the case.

*.E. C. Burks*, for appellant.

*P. H. Dillard* and *R. G. H. Kean*, for appellees.

LEWIS, P., delivered the opinion. of the court.

The appellant, Mary D. Hale, filed her bill for the specific
performance of an alleged parol contract.   The bill states that
the plaintiff and her sister, Janie Hale, agreed, in 1885, to
make mutual wills, so that the survivor would get the whole
estate, real and personal, of the one who should die first; and
that each thereupon made a will in the other's favor, in con-
formity with the agreement; that in October, 1888, the said
Janie intermarried with Dr. Carter Berkeley, and soon after-
wards died without. issue born alive; that some time prior to
her marriage she was advised, upon consultation with an at-
torney, that her marriage would have no effect on her will,
and that with this desire and belief, in which the plaintiff
shared, she died, and for that reason never republished the
will after her marriage; that for the same reason the plaintiff
has allowed her own will to remain in full force as originally
written, so as to carry out the agreement; that from the date
of the wills until the death of Mrs. Berkeley they were kept
together in a, trunk, used jointly by the plaintiff and Mrs.
Berkeley, from which they were taken after the death of the
latter.   The bill also states that the execution of one will was
the consideration for the other, and that the two read together
show the contract between the parties, and the consideration
for the same; that the plaintiff has fully performed the contract
on her part, and that both she and Mrs. Berkeley always believed
that the latter had performed it on her part.   And the prayer

of the bill was that the contract be specifically enforced, by requiring the heirs at law of Mrs. Berkeley, or some one for them, to convey to the plaintiff the real estate that descended to them at her death. There was no contest as to the personalty. The bill was dismissed on demurrer.

1. The appellant properly admits that by force of the statute, now carried into section 2517 of the Code, the will of Mrs. Berkeley was revoked by her marriage, regardless of her intention or wishes in the matter. But it is contended that the antecedent contract remains, and ought to be enforced.

There is no doubt, notwithstanding a will is in its nature ambulatory until the testator's death, and cannot be made irrevocable, that a person may by a certain and definite contract bind himself to dispose of his estate by will in a particular way, and that such a contract, in a proper case, will be specifically enforced in equity : that is to say, the property will be held charged with a trust in the hands of the heir at law, devisee, personal representative, or purchaser with notice of the agreement, as the case may be, and a conveyance or accounting directed in accordance with the terms of the agreement. 3 Pas. Cont., 406; Schouler, Wills, sec. 454; *Izard* v. *Middleton*, 1 Desaus., 116; *Rivers* v. *Rivers*, 3 *Id.*, 190; *Parcell* v. *Stryker*, 41 N. Y., 480; *Mundorf* v. *Kilburn*, 4 Md., 459; *Johnson* v. *Hubbell*, 10 N. J. Eq., 332.

In a note to the last mentioned case in 66 American Decisions, where the cases are collected, the annotator (at p. 784) says: " It is not only in harmony with sound principle that a person may make a valid agreement binding himself to dispose of his property in a particular way by last will and testament, but it is supported by an almost unbroken current of authorities, both English and American "; and substantially the same principle was recognized in *Rice* v. *Hartman*, 84 Va., 251.

2. But a parol agreement to devise real estate is within the statute of frauds, which in Virginia, so far as it is pertinent to the present case, enacts that " no action shall be brought * * *

upon any contract for the sale of real estate, or for the lease thereof for more than a year, * * * unless the contract, * . * * or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent; but the consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence." Code, sec. 2840.

In the case at bar the agreement sought to be enforced was a verbal one, and the defence of the statute is set up as one of the grounds of demurrer. It is not contended, in support of the demurrer, that the alleged agreement is void, but only that, if there was any such agreement, it is not enforceable, consistently with the statute, in a court of justice.

On the other hand, the appellant contends that the case is not within the statute, because the wills in question are sufficient *memoranda* of the agreement to satisfy the requisitions of the statute. But can this view be maintained? We think not. An examination of the wills, which are exhibited with the bill, shows that each purports to be a mere will, and nothing else. Neither alludes to any contract or refers to any other writing; and the established rule is that the memorandum of a contract for the sale of real estate, required by the statute, must show, either on its face or by reference to some other writing, the contract between the parties, so that it can be understood without having recourse to parol proof. Browne, Stat. Frauds, sec. 371; 2 Kent, Comm., 511; *Parkhurst* v. *Van Cortland*, 1 Johns. Ch., 273; *Williams* v. *Morris*, 95 U. S., 444.

In *Grafton* v. *Cummings*, 99 U. S., 100, the Supreme Court of the United States, in construing the New Hampshire statute, which in this particular is similar to the statute 29 Car. II, laid it down, in conformity with the English decisions, that the memorandum must contain all the essential elements of the contract, including the consideration ; and the remark is applicable to a case arising under our statute, except that in Virginia the consideration need not be set forth.

The appellant relies upon a *dictum* of Judge Flemming in *Campbell* v. *Argenbright*, 3 H. & M., 144, 197, to the effect that the will there in question was a sufficient memorandum of the parol promise set up in the bill; but the point was not decided, as in that case there was a subsequent written agreement, which referred to the will.

3. The equitable doctrine of part-performance is also invoked; but as to this, we may say, as was said in a similar case in Massachusetts, that "there has been no part-performance which amounts to anything." *Gould* v. *Mansfield*, 103 Mass., 408. In that case there was, as here, an alleged oral agreement between two sisters to make mutual or reciprocal wills, and each made a will accordingly. Afterwards one of the sisters made a different will, and died. The survivor then filed a bill for the specific execution of the agreement, but a demurrer to the bill was sustained, on the ground that the case was within the statute of frauds.

Notwithstanding the criticism upon that case in the argument at the bar, we are of opinion that it was decided upon correct principles. Not only is it a cardinal feature of a will that it is ambulatory until the testator's death, but acts of part-performance by the party seeking specific execution, to take a case out of the statute, must be of such *an unequivocal nature as of themselves to be evidence of the existence of an agreement;* as, for example, where, under a parol agreement to sell land, the purchaser is put into possession, and proceeds to make improvements. 2 Min. Insts. (4th ed.), 853; 3 Pom. Eq., sec. 1409. In the language of Lord Hardwicke, the act of part-performance "must be such as could be done with no other view or design than to perform the agreement." *Gunter* v. *Halsey*, Amb., 586. "The principle of the cases," said Sir William Grant in *Frome* v. *Dawson*, 14 Ves., 387, "is that the act must be of such a nature that, if stated, it would *of itself* infer the existence of some agreement; and *then* parol evidence is admitted to show what the agreement is."

In *Phillips* v. *Thompson*, 1 Johns. Ch., 131, Chancellor Kent said: "It is well settled that if a party sets up part-performance, to take a parol agreement out of the statute, he must show acts unequivocally referring to, and resulting from, *that* agreement; such as the party would not have done, unless on account of that very agreement, and with a direct view to its performance; and the agreement set up must appear to be the same with the one partly performed. There must be no equivocation or uncertainty in the case." To the same effect is *Wright* v. *Puckett*, 22 Gratt., 370.

This whole subject was very fully considered, both upon principle and authority, in *Maddison* v. *Alderson*, a recent and instructive case in the House of Lords. (8 App. Cas., 467.) In that case the appellant was induced to serve the intestate as his housekeeper without wages until his death by an oral promise on his part to leave her an interest in certain real estate; and he made a will for that purpose, which he signed, but which failed for want of due attestation. Mr. Justice Stephen, before whom the case was tried in the first instance, held that there was a contract which had been partly performed; but on appeal, first to the Court of Appeal, and afterwards to the House of Lords, this ruling was held to be erroneous; and the principle was laid down that an act of part-performance, to take a case out of the statute, must be sufficient of itself, without any other information or evidence, to satisfy the court, from the circumstances it has created and the relations it has formed, that they are only consistent with the assumption of the existence of *a contract* the terms of which equity requires, if possible, to be ascertained and enforced.

This is so, because, as was said in the same case, the defendant in a suit founded on such part performance is really "charged" upon the equities resulting from the acts done in execution of the contract, and not (within the meaning of the statute) upon the contract itself. Hence, until such acts are shown as of themselves imply the existence of *some* contract,

parol evidence to show the terms of *the* contract relied on is inadmissible. Browne, Stat. Frauds, sec. 455; *Dale* v. *Hamilton*, 5 Hare, 381; *Maddison* v. *Alderson, supra.*

. Now the alleged acts of part performance in the present case, taken singly or collectively, do not bring the case within these principles. The making and preserving the wills, under the circumstances stated in the bill, while they are acts consistent with, are yet not demonstrative of, the existence of any contract between the parties, or, in other words, they do not unequivocally show that there was a contract. *Non constat,* the wills were not made from motives of love and affection, and independently of any contract or agreement; and this being so, parol evidence to establish the alleged contract would not be admissible.

4. Nor is there any ground for holding the defendants estopped from setting up the statute. Here, for aught the bill states, there was no fraud on the part of Mrs. Berkeley, nor has the appellant been induced to alter her position to her injury or loss. *Glass* v. *Hulbert,* 102 Mass., 34. It is true, as the demurrer to the bill admits, that Mrs. Berkeley lived and died in the belief that the validity of her will had not been affected by her marriage; that she in effect so declared on her death-bed; and that the appellant has never revoked her will. But the mistaken view of the parties as to the legal effect of the marriage cannot, consistently with any sound principle, be held a ground of estoppel.

This sufficiently disposes of the case, and requires an affirmance of the decree complained of.

DECREE AFFIRMED.

NOTE.—See *Knell* v. *Codman,* 14 L. R. S., 806, and annotations as to agreements to pay money or give property after death of promissor.—*Reporter.*