(Superior Court of Cincinnati.)
General Term 1900.

## HERMAN EGGERS, v. CLARA M. REEMELIN.

Estoppel *in pais* does not arise against one who seeks to recover expense incurred in shoring up his building to protect it against an excavation by his neighbor to a depth of twelve feet, said shoring up having been done and paid for by plaintiff before the twelve foot excavation law was declared unconstitutional, and in the belief that it was a valid law.

SMITH, J.; DEMPSEY, J., and MURPHY,J., concur.

The plaintiff is now and long prior to 1894 was the owner of real estate on the west side of Elm street in this city, and the defendant is now and during the same period of that time has been the owner of the real estate next adjoining that of plaintiff on the north side. The house of plaintiff was built up to the north line, and the house of defendant was built on its south side to the same line. The foundation of plaintiff's house extended nine feet below the curb.

In the year 1894 defendant began the erection on his lot of a house whose foundation was to be twelve feet below the curb, as was allowed by the law in force at the time.

Both the plaintiff and defendant knew of this law at the time defendant erected this building, and as the wall of the plaintiff only extended to a depth of nine feet below the curb, and as it was necessary in order to protect the building of plaintiff that his building should be shored up and his wall extended from nine feet to twelve feet, both parties supposed it was the duty of the plaintiff to shore up his building and extend his wall and to pay the expense of the same. Plaintiff therefore did the work required, and the amount paid therefor was $250.

After the work was done the twelve foot law was declared unconstitutional by this court on the ground that it was special legislation (Emery v. Coles, 5 N. P.,109) ; and then for

the first time the parties hereto learned that the work done by plaintiff, and the expense borne by him, should have been done and borne by the defendant.

Thereupon plaintiff brought suit against the defendant to recover the sum of $250, with interest from November 1, 1894, the date of the completion of the work done, and payment made by him. Upon the hearin~ in the court below the court gave judgment for the defendant and dismissed the case. Plaintiff prosecutes error to this court to reverse that judgment.

It is apparent from the statement of facts that the plaintiff has done work and incurred an expense for the same which it was the duty of defendant to do and pay. It is also apparent that if plaintiff had not done the work and paid for it the defendant would not, and the house of plaintiff would have fallen down. Is the defendant relieved from liability to reimburse plaintiff for this expense to which he has been put by reason of defendant's act of building his house, simply because both parties believed that the law imposed upon plaintiff the duty of doing the work and paying for it?

The defendant contends that the plaintiff is estopped now to assert that it was the duty of the defendant to do the work.

It is difficult to see a basis for an estoppel against the plaintiff. He made no statement of fact to the defendant. If he made any statement at all it was that the law allowed the defendant to dig twelve feet below the cu:b, but the plaintiff no more made this statement to the defendant than the defendant made the same statement to the plaintiff. In truth neither can be said to have made a statement to the other. Both believed the law allowed the defendant to dig twelve feet below the curb. The statute did give the defendant such a right, but the law was unconstitutional. Neither party being a constitutional lawyer they acted under a mistake of law. Surely under such circumstances natural justice would seem to dictate that the obligation of the defendant to pay should not be changed under this mutual mistake of parties.

And if we look at the question solely from the legal point of view, does it not resolve itself into this: that the defendant refused to do work which he should have done, and the plaintiff did it, and the question therefore is, does the mere *belief* of the plaintiff deprive him of his right to reimburse against the defendant? We think it does not.

An estoppel *in pais* arises not alone from a statement which is untrue, but must also rest upon a basis of knowledge upon the part of the one making the statement that is untrue.

In Ensel v. Levy and Bro., 46 O. S., 255, our supreme court declares that an estoppel *in pais* follows only under the following circumstances, viz.: "Where one person, by his act or declaration, made deliberately and with knowledge, induces another to believe certain facts to exist, and that other person rightfully acts on the belief induced and is mislead thereby, the former is estopped to afterwards set up a claim based upon facts inconsistent with the facts relied upon, to the injury of the person so misled."

In Bigelow on Estoppel (5th Ed.), pp. 772-3, where many cases are cited, the author says:

The representation in order to work an estoppel * * * must generally be a material statement of fact. It can seldom be that a statement of opinion or of a propositon of law will conclude the party making it from denying its correctness, except where it is understood to mean nothing but a simple statement of fact. Thus if an endorser of a note were to say that he was liable thereon, and show the notice of dishonor, he could not afterwards allege against one who had thereby been induced to purchase the note, that he had not received notice of dishonor. * * * The rule we apprehend to be this: That where the statement or conduct is not resolved into a statement of fact as distinguished from a statement of opinion, or of law, and does not amount to a contract, the party making it is not bound, unless he was guilty of clear, moral fraud, or unless he stood in a relation of confidence toward him to whom it was made. If the statement, not being contracted to, be true, is understood to be opinion, or a conclusion of law from a comparison of the facts, propositions or the like, and *a fortiori*, if it is the deduction of a supposed rule of law, the party may, with the qualification stated in the last sentence, allege its incorrectness."

In Cleveland v. Cleveland R. R., 93 Fed. Rep., 113 (Syl. 4): "The conduct of a party to be made the basis of estoppel against him must be viewed in the light of the understanding he then had of his rights, and not in the light of such rights, as they be thereafter determined.

In Wright v. Stice, 173 Ills., 571 (Syl.): "A party in possession of land, even though he recognizes the title in another, may after-

wards set up title in himself, if he shows that his recognition was based on a misapprehension. Representations by word or conduct which induce another to act in a certain way can not be regarded as constituting an estoppel *in pais,* unless made with full knowledge or the facts, or there is gross negligence in failing to learn them."

In Henshaw v. Bissell, 18 Wall., 255-271: "An estoppel *in pais* is sometimes said to be a moral question. Certain it is that to the enforcement of an estoppel of this character, such as will prevent a party from asserting his legal rights to property, there must generally be some degree of turpitude in his character which has mislead others to their injury.

"Conduct or declarations founded upon ignorance of one's rights have no such ingredient, and seldom work any such result, * ˙ * * There must be some intended deception in the conduct or declarations in the party to be estopped, or such gross negligence on his part as to amount to constructive fraud."

See also Brandt v. Va. Coal Co., 93 U. S., 326, 336; Davis v. Davis, 26 Chal., 23; Hale v. Hale (Va.), 19 S. E., 739; Dean v. Parker, 88 Chal., 283; Smith v. Sprague (Mich.), 77 N. W,. 233; Plumme v. Mold, 22 Minn., 15; Sims v. City, 179 Ind., 446; Holcomb v. Boynton. 151 Ill., 249.

These are but a few of the many cases in the books in point.

Judgment below reversed.

F. T. Cahill for plaintiff.

Louis Reemelin for defendant.