# Wytheville

A. L. WINGOLD AND DAISY WINGOLD V. J. G. BAGLEY,
C. H. CROWDER AND LINA CROWDER.

June 13, 1935.

Present, All the Justices.

The opinion states the case.

*W. Moncure Gravatt* and *Blackwell, Ozlin & Whitehead,* for the appellants.

No appearance for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

At the first March Rules, 1933, appellants filed their bill in chancery against the appellees, alleging that J. G. Bagley was indebted to appellants in the sum of $4,000 by reason of the breach of a valid and subsisting contract between appellants and John B. Bagley, under the terms of which the appellants were to provide a home for the defendant, John G. Bagley, the father of Mrs. Wingold, and said Bagley was to devise to appellants a certain tract of land containing eighty-five acres; that for a period of nine or more years appellants fully performed their part of the contract; that the said Bagley breached the contract on his part by leaving the home of appellants and by conveying the said tract of land to his son-in-law, C. H. Crowder, and his daughter, Lina Crowder, for a nominal consideration in fraud of the rights of appellants, in which said fraud grantees participated with full knowledge of the existing contract between appellants and John G. Bagley.

The prayer of the bill was that the court enter a decree against Bagley for the amount alleged to be due, and that the same be declared a lien on the land conveyed to the Crowders on the 8th day of October, 1932; that the deed be wholly cancelled and set aside and the property sold to satisfy the debt of appellants and for general relief.

Appellees answered the bill of complaint denying *in toto* the material allegations thereof.

Depositions were taken, and upon a final hearing the court entered a decree adjudging that there was a valid and subsisting contract between appellants and John G. Bagley, under the terms of which Bagley was to devise the property to appellants; that Bagley had breached the contract and that appellants had sustained damages to the extent of $1,000; that appellants were entitled to a personal judgment against Bagley but were not entitled to have set aside the deed from Bagley to the Crowders and to subject the land to the judgment decreed. No complaint is made by appellants that the amount adjudged to be due is erroneous.

The error assigned is that the court erred in refusing to declare the judgment a lien upon the property conveyed by John G. Bagley to C. H. and Lina Crowder.

In the decree it is further adjudged that the transfer of a certificate of deposit for the sum of $300 in the Bank of Lunenburg, by John G. Bagley to C. H. Crowder simultaneously with the execution of the deed conveying the real estate, was a voluntary and fraudulent act, and it was decreed that the said sum be used in part for the payment of court costs and the residue credited on the judgment against Bagley.

How the court, upon practically the same evidence, could hold the conveyance of the real estate valid and the transfer of the personal property invalid, we are unable to understand. It is true that it appeared in evidence that Bagley was apprehensive that appellants intended to attach or garnishee the money held by the bank, and that C. H. Crowder was so informed by Bagley.

To our mind, instead of that circumstance being made the basis of a distinction as to the weight of the evidence, it is corroborative of the mass of facts and circumstances adduced by appellants to show that the Crowders did have notice of the existing contract. In order to charge the Crowders with guilty knowledge, it is not necessary to prove that they had positive knowledge of the fraudulent intent of their grantor. "It is sufficient if he has knowledge of such facts and circumstances as would have

excited the suspicion of a man of ordinary care and prudence, and put him upon such inquiry as to the *bona fides* of the transaction as would necessarily have led to the discovery of the fraud of the grantor or seller." *Crowder* v. *Crowder,* 125 Va. 80, 99 S. E. 746, 748.

It would serve no good purpose to adequately state and carefully analyze all the testimony which throws light on the question of knowledge upon the part of the Crowders. A careful consideration of the case leads to the conclusion that the preponderance of the evidence and the equities of the case are with the appellants.

In *Hale* v. *Hale,* 90 Va. 728, 19 S. E. 739, 740, it is said: "There is no doubt, notwithstanding a will is in its nature ambulatory until the testator's death, and cannot be made irrevocable, that a person may, by a certain and definite contract, bind himself to dispose of his estate by will in a particular way, and that such a contract, in a proper case, will be specifically enforced in equity; that is to say, the property will be held charged with a trust in the hands of the heir at law, devisee, personal representative, or purchaser with notice of the agreement, as the case may be, and a conveyance or accounting directed in accordance with the terms of the agreement. 3 Pars. Cont. 406; Schouler, Wills, section 454; *Izard* v. *Middleton,* 1 Desaus. [S. C.] 116; *Rivers* v. *Rivers' Ex'rs,* 3 Desaus. [S. C.] 190 [4 Am. Dec. 609]; *Parsell* v. *Stryker,* 41 N. Y. 480; *Mundorff* v. *Kilbourn,* 4 Md. 459; *Johnson* v. *Hubbell,* 10 N. J. Eq. 332 [66 Am. Dec. 773]."

Inasmuch as the suit was brought to recover damages and to set aside as fraudulent the deed of conveyance, instead of for the specific performance of the contract, we are of opinion that under the prayer of general relief the equitable disposition of the case is to affirm the judgment of the court awarding appellants damages in the sum of $1,000 (with interest from the date of the judgment) ; to impress the property conveyed with a trust in favor of appellants; and to decree that unless the judgment aforesaid shall be fully paid within sixty days from the date of the mandate

of this court, then appellants shall have the right to subject the property to the payment of their debt.

The decree of the lower court will be reversed, and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*