In the Matter of the Estate of SHELDON S. WHEELER, Deceased.

Surrogate's Court, Broome County, October 9, 1937.

*Hinman, Howard & Kattell* [*Dana B. Hinman* and *Lawrence Abrams* of counsel], for the City National Bank of Binghamton, executor, appearing by Stewart W. Morse, trust officer.

*Lewis S. Clark,* for Minnie Wheeler, widow, who also appears in person.

*Stephen R. J. Roach,* for Effie May Lantsberry, Byron Strohman and Vera Salie who also appear in person.

BAKER, S. In this accounting proceeding of the executor, motions were made in behalf of Minnie Wheeler, the surviving spouse, to strike out testimony, and for a dismissal of objections numbered two, six, seven and sixteen to the account, and the same are granted as a matter of law, upon the following grounds, viz.:

*First.* That the purported oral agreement of Belle Wheeler and Sheldon S. Wheeler to make mutual wills is violative of the provisions of section 31 of the Personal Property Law, as amended by chapter 616 of the Laws of 1933, and of section 259-a of the Real Property Law.

*Second.* That the evidence presented by the objectors to establish part performance of the purported oral agreement is clearly insufficient to take the same out of the limitation of the Statute of Frauds.

It is conceded that no written contract was made by Belle Wheeler and her husband, Sheldon S. Wheeler, to execute mutual wills, and the fact that each did execute a will on January 15, 1934, does not establish part performance of an oral agreement to give or devise property, which is to continue in the ownership and possession of the testator until the time of his death, where neither will will have any present effect, and where each until the last moment of life is revocable. To establish part performance of such an agreement, there must be a change in the position of the parties, having present effect, and not merely rights which are executory and future. (*Burns* v. *McCormick,* 233 N. Y. 230; *Matter of Goldberg,* 275 id. 186.)

Furthermore, by the provisions of section 18 of the Decedent Estate Law (Laws of 1929, chap. 229), a surviving spouse is given a personal right of election against the terms of the will of the deceased spouse, subject to certain limitations and conditions, when such will, as here, is executed subsequent to August 31, 1930, and such right should not be denied to Minnie Wheeler, the surviving spouse, under the facts herein, unless Sheldon S. Wheeler divested himself of the ownership of his property either by a valid contract for its sale, or by making a valid gift of same, effective at the time of the execution of such contract of sale or the time of making the gift, but which he failed to do in the instant case. (Cf. *Newman* v. *Dore*, 275 N. Y. 371.)

Enter order in accordance with this decision on ten days' notice.