KLUG and another, Appellants, vs. SOLDNER and wife, Respondents.

*May 18—June 21, 1938.*

The cause was submitted for the appellants on the brief of *William B. Clifford* and *Eugene A. Clifford,* both of Juneau, and *Kenneth E. Port* of Watertown, and for the respondents on that of *George A. Hartman,* of Juneau, attorney, and *W. E. Torkelson* and *Richmond, Jackman, Wilkie & Toebaas,* all of Madison, of counsel.

FOWLER, J. The action is for cancellation of a tax deed issued to the defendant, George W. Soldner, without notice to the owners. The land was owned by the plaintiffs, and Soldner, who was their neighbor, knew they owned it. The deed was issued upon an affidavit of nonoccupancy of the land. The case, being in equity, was triable to the court, but the court took an advisory verdict of a jury with a view to procuring their findings as to the existence of the facts as to nonoccupancy requisite to authorize the issuance of a deed upon an affidavit of nonoccupancy pursuant to sec. 75.12, Stats. 1933. The jury found, (1) that the plaintiffs exercised "acts of dominion over the land" such as were adaptable to the nature and use of the particular land, (2) "by use for pasture," but (3) that the acts of dominion found were not exercised "for a period of thirty days, or more, within six months immediately prior to" the date when the tax deed was applied for. These findings were adopted as the findings of the court.

The decision of the trial court was based upon finding (3) above stated. Sec. 75.12, Stats., provides that, (1) "whenever any lot or tract of land which has been or shall hereafter be sold for taxes shall have been in actual occupancy or pos-

session of any person, other than the owner and holder of the certificate of such tax sale or some person holding under him, for the period of thirty days or more, at any time within the six months immediately preceding the time when the tax deed upon such sale shall be applied for . . . such deed shall not be issued unless a written notice shall have been served upon the owner or upon such occupant," and that (2) "if the land . . . described in such certificate was not occupied or possessed for the period of thirty days" as specified in sub. (1), a deed shall issue upon the filing of an affidavit so stating with the officer whose duty it is to issue a tax deed. Such an affidavit was so filed in the instant case. The court was of the view that as the land was found not to have been occupied as prescribed by sub. (1) the deed was properly issued.

The appellants contend that finding (3) of the jury above stated is contrary to the great weight and clear preponderance of the evidence and should be set aside. We think the contention must be sustained. The evidence bearing upon this question is undisputed. The land involved is forty acres situated in a marsh comprising six hundred to seven hundred acres. Different tracts are separately owned by different farmers. The defendant Soldner owns the greater part of it. The only use made of the land is for cutting hay and pasturing. Plaintiffs have owned and used the land for many years for these purposes to the knowledge of Soldner. Other farmers make use of their lands in the same way. All cattle are turned loose on the land and left to run and feed over the whole marsh. The defendants use the land the same way as do the other owners. The tax certificates the defendant Soldner held and the affidavit of nonoccupancy filed were in due form and entitled him to a tax deed if the land was unoccupied within the meaning of the statute and if service was not required upon the owner. But the plaintiffs turned young

stock on the marsh to the knowledge of Soldner. The cattle were driven down to the plaintiffs' land on a private road leading thereto in the latter part of April or first of May, 1933, and left there until November. The marsh as a whole was fenced, but there were no fences inclosing any of the tracts separately owned. Soldner's cattle went on plaintiffs' land and the plaintiffs' went on Soldner's.

We think these evidentiary facts must be construed as constituting occupancy of the land for more than thirty days within six months from March 20, 1934, the date the application for the deed was filed. We think that the jury and the court took a too narrow and restricted view of what is necessary to constitute "occupancy for thirty days or more." They must have reached their conclusion on the hypothesis that there were not thirty days of occupancy because plaintiffs' cattle were not shown to have been continuously on the tract for that period, or at least on the tract a portion of every day during that period. We think the undisputed evidence shows that the plaintiffs occupied the land for the period stated within the meaning of the statute. Such use of the land for that period was made in the only reasonable way that it could have been made, in the only way in which it could be used, in view of the nature of the land, its physical situation, and the common way in which the marsh was used. The statute relating to notice should be construed liberally in favor of the owner because provision for notice is for his benefit and protection. 2 Cooley, Taxation (3d ed.), p. 993; *Merrill v. Dearing,* 32 Minn. 479, 481, 21 N. W. 721; *Nelson v. Central L. Co.* 35 Minn. 408, 29 N. W. 121; *Price v. Slagle,* 189 N. C. 757, 128 S. E. 161, 162, 165. Such use as the land is adaptable for is the only use that need be made. "This was marsh land only fit for pasturage and there is [undisputed] evidence to sustain [compel] the conclusion that it was occupied for such purpose as its

character permitted." The acts essential to support adverse possession need be only such as are "adapted to the particular land, its condition, locality, and appropriate use." Upon reason the same is true as to occupancy under the tax-deed statute. *Bebb v. McGowan,* 208 Wis, 400, 402, 243 N. W. 460.

Other matters are urged by appellants in support of their appeal but as the above disposes of the case there is no need to consider them. The court found that the plaintiffs tendered to defendants and paid into court for their use the amount due on the certificates and all fees due for redemption of the land as provided by sec. 75.28 (3), Stats., as prerequisite to cancellation. They are therefore entitled to judgment canceling the tax deed as void.

*By the Court.*—The judgment of the county court is reversed, and the record remanded with directions to enter judgment in accordance with the opinion.