ESTATE OF BURMANIA: KOK and another, Appellants, vs. DEVRIES, Administrator with the will annexed, Respondent.

*October 12—November 16, 1948.*

For the appellants there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker.*

For the respondent there was a brief by *Ross Bennett* and *Charles J. Drury,* district attorney of Columbia county, and oral argument by *Mr. Philip Owens* and *Mr. Drury,* all of Portage.

FRITZ, J.   Briefly summarized, the facts so far as here material, are as follows.   The deceased, Jitske Burmania, was the wife of Peter Burmania.   He and his son Charles owed $1,900 on a promissory note to Bote Kok, a brother of Jitske Burmania.   Peter Burmania died January 15, 1933, leaving a farm subject to a mortgage and his homestead, consisting of a house and lot at Friesland, Wisconsin, which then was unincumbered.   Under his will all his property passed to Jitske Burmania, his widow.   After her husband's death, she asked Sam Fisher, a friend, to effect an agreement with Bote Kok whereby at her death said homestead would go to Bote Kok, or his heirs, in payment of whatever should be owing to him on his note.   To accomplish that result, it was agreed between Jitske Burmania and Bote Kok at a meeting attended by their two brothers and Fisher that some papers would be drawn; and on January 27, 1933, Fisher, in the presence of the whole group at the office of Attorney Ross Bennett, explained to him that Mrs. Burmania wanted a contract with Bote Kok drawn up so that he would receive said homestead after her death, in payment of the note signed by her husband and her son Charles.   Bote Kok agreed that he would not crowd the son Charles on the note, but would expect to be paid his interest.   After the matter was fully discussed with the parties present and participating, Bennett prepared a document in the form of a will of Jitske Burmania, which she duly executed as such and in which the principal terms of the understanding between the parties were in-

corporated. Bote Kok paid for Bennett's services and a carbon copy of the will, perfected as to signatures in Bennett's handwriting, was delivered to Bote Kok and retained by him. On March 30, 1933, he deposited the will for safekeeping in the county judge's office and the register in probate's receipt was given to Bote Kok.

No claim on the note was filed by Bote Kok against the estate of Peter Burmania. His son made some payments of interest on the note, which were indorsed upon the note, except a final payment of $550 made on December 31, 1942. Bote Kok died December 29, 1945, and he bequeathed the note to the petitioners, Bill B. Kok and his sister Nellie Wiersma.

Jitske Burmania died in 1947, and said will executed by her was admitted to probate. Her only asset listed in her inventory is said homestead, appraised at $2,800. Real-estate taxes amounting to about $400 are delinquent. Columbia county filed a claim for repayment of $2,300 paid as old-age pension to Jitske Burmania after she executed the will. As there are also the usual charges for funeral expenses and expenses of administration, there will be no net estate for distribution.

The provision in question, which is in Jitske Burmania's will, reads:

"I give, bequeath and devise the home where I now reside at East Friesland, in the town of Randolph, Columbia county, Wisconsin, to Bote Kok, and his heirs, and assigns forever; said devise including the land and the building. This devise is being given in payment of a nineteen hundred dollar ($1,900) note of Peter Burmania, my late husband, and Charles Burmania, my son, executed on December 3, 1928, and said device is to constitute payment in full of said note. It being expressly understood that if said note be paid in full prior to my decease, then this devise shall be null and void."

The trial court concluded,—

"That the alleged oral contract between Bote Kok and Jitske Burmania was not established by clear, satisfactory,

and convincing evidence, and that said oral contract has not been established; that there has been insufficient part performance by Bote Kok and his successors to remove the transaction from the statute of frauds; that the will executed by Jitske Burmania on January 27, 1933, was only testamentary in character . . . and that the remedy must, therefore, be confined to the terms of the will itself . . . and assuming the will to be only testamentary in character, it is not necessary to determine whether the Columbia county claim for old-age pension is prior to the claimants' demand for equitable relief."

Appellants contend that the above-quoted provision which is in Jitske Burmania's will was, in effect, and by the intention of the parties, a binding contract with appellants' father for the conveyance of the real estate at the testatrix's death, in payment of the note described in the will; that a will made pursuant to a promise to make one supported by a past consideration will be enforced; and that appellants' rights under the contract are prior to the claim of the welfare department of Columbia county for repayment of old-age pension funds advanced to the testatrix and in this connection appellants state that except for the claim of that department, appellants would take the property either by contract, or by the will itself, under its testamentary provisions.

Upon reviewing the evidence, it is our conclusion that the trial court was warranted in determining in its findings and conclusions that the instrument executed by Jitske Burmania as her will was *not* established by clear, satisfactory, and convincing evidence to be a valid contract between her and Bote Kok for the conveyance of the real estate in question to him in payment of her husband's and son's note to Kok; and that the trial court was warranted in concluding that the will in question was only testamentary in character.

The facts that Bote Kok was present and participated with the interested parties in the discussion which resulted in Attorney Bennett preparing the instrument in the form of the will then executed by Jitske Burmania; that Bote Kok then knew that said instrument was in fact a will, and knew from

what was stated at Bennett's office that the testatrix could revoke the will, but that a contract could not be revoked; that he made no protest and apparently acquiesced in this procedure at that conference and that he treated the instrument as a will when he filed it with the Columbia county register in probate, all support the court's findings that there was no contract then made, as appellants contend.

Moreover, the evidence and law applicable warrants the court's determination that there has been no sufficient part performance by Bote Kok to remove the transaction from the statute of frauds. At best, under the will, the transaction relied upon by appellants is but in the nature of a special promise by the testatrix to answer for the debt or default of her husband and son which, because of the failure to express in writing the consideration for such promise, is void under the provisions in sec. 241.02, Stats., that,—

"In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith: . . . (2) Every special promise to answer for the debt, default or miscarriage of another person. . . ."

Likewise, any such agreement to convey land as appellants claim was made between the testatrix and Bote Kok would be void in view of the provisions of sec. 240.08, Stats., that,—

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

Appellants rely upon the proposition stated in *Estate of McLean* (1935), 219 Wis. 222, 227, 262 N. W. 707, that,—

"A will made under an agreement based upon a valuable consideration is contractual as well as testamentary, and equity will enforce the provision made for the promisee."

That is not applicable in the case at bar.    In the *McLean Case* the agreement which the testator had made was not in relation to making a devise of an interest in land, but was an agreement which would be met by a bequest of personal property.    Consequently, as is stated in *Kessler v. Olen* (1938), 228 Wis. 662, 666, 280 N. W. 352, 281 N. W. 691,—

"The *McLean Case* is not in point because the oral contract there made did not involve the statute of frauds.    The testator there did not agree by his will to give the legatee any real property.    His agreement would be fully met by a bequest of personal property.    Moreover, the agreement there made was fully executed on both sides.    The legatee released his claim for damages and the testator executed the will.    The one was the consideration for the other."

And, as is also stated in the *Kessler Case,*—

"Such oral agreement . . . is void as to the real estate for want of a writing expressing the consideration signed by the party charged as required by sec. 240.08, Stats., and being void as to the real estate and being indivisible, it is void in its entirety and of no force except to rebut the presumption that the services to be performed by the daughter were gratuitous."

There does not appear to be any evidence in the record which can be considered sufficient to establish the facts essential in order to have a valid and enforceable contract under secs. 241.02 and 240.08, Stats., by proof that is "clear, definite, and unequivocal."    *Marshall & Ilsley Bank v. Schuerbrock* (1928), 195 Wis. 203, 211, 217 N. W. 416; *Estate of Brill* (1924), 183 Wis. 282, 289, 197 N. W. 802; *Blanchard v. McDougal* (1858), 6 Wis. \*167, \*171.

It follows that as there was no valid contract for the conveyance of the property in question to Bote Kok as contended by appellants, the judgment under review must be affirmed.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.