ESTATE OF ROGERS: CHANDLER, Appellant, v. ESTATE OF ROGERS, Respondent.

*February 4—March 1, 1966.*

For the appellant there was a brief by *Ross, Stevens, Pick & Spohn,* attorneys, and *Jeremy C. Shea* of counsel, all of Madison, and oral argument by *Mr. Shea* and *Mr. Myron Stevens.*

For the respondent there was a brief and oral argument by *Frank D. Hamilton* of Dodgeville.

WILKIE, J.    Two issues are presented on this appeal:

First, does the execution and nonrevocation of a will pursuant to an oral understanding to execute mutual wills constitute sufficient part performance?

Second, is a claim based on an oral agreement to execute mutual wills barred by the provisions of sec. 238.19, Stats.?

*Part Performance.*

An oral contract to devise real estate falls within the statute of frauds, sec. 240.08, Stats.,[2] and is void[3] un-

---

[2] "240.08 CONTRACT FOR LEASE OR SALE TO BE IN WRITING. Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing

less appellant's execution and nonrevocation of a will in accordance with the agreement constitutes sufficient part performance [4] so as to remove the case from the purview of the statute.[5] Although this is a question of first impression in Wisconsin, the all but unanimous rule in other jurisdictions is that the mere fact that the plaintiff has made a will which is not revoked at the time of the death of the other party does not amount to part performance.[6] As the Massachusetts supreme judicial court said nearly one hundred years ago: "There has been no part performance which amounts to anything."[7] The theory under-

the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

[3] *Estate of Burmania* (1948), 253 Wis. 470, 34 N. W. (2d) 850; *Estate of Rosenthal* (1945), 247 Wis. 555, 20 N. W. (2d) 643; *Kessler v. Olen* (1938), 228 Wis. 662, 280 N. W. 352, 281 N. W. 691; *Nelson v. Christensen* (1919), 169 Wis. 373, 172 N. W. 741.

[4] "240.09 SPECIFIC PERFORMANCE. Nothing in this chapter contained shall be construed to abridge the powers of courts to compel the specific performance of agreements in case of part performance of such agreements."

[5] *Kessler v. Olen, supra,* footnote 3.

[6] See generally 49 Am. Jur., Statute of Frauds, p. 820, sec. 522; 97 C. J. S., Wills, p. 313, sec. 1367 (f) (3); Sparks, Contracts to Make Wills, p. 47; *Maloney v. Maloney* (1935), 258 Ky. 567, 80 S. W. (2d) 611; *Busque v. Marcou* (1952), 147 Me. 289, 86 Atl. (2d) 873; *Gould v. Mansfield* (1869), 103 Mass. 408, 4 Am. Rep. 573; *Rookstool v. Neaf* (Mo. 1964), 377 S. W. (2d) 402; *First Nat. Bank of Nevada v. Friednash* (1956), 72 Nev. 237, 302 Pac. (2d) 281; *In re Wheeler's Estate* (1937), 164 Misc. 441, 299 N. Y. Supp. 945; *Hagen v. Schluchter* (N. D. 1964), 126 N. W. (2d) 899; *Hale v. Hale* (1894), 90 Va. 728, 19 S. E. 739; *In re Edwall's Estate* (1913), 75 Wash. 391, 134 Pac. 1041; *McClanahan v. McClanahan* (1913), 77 Wash. 138, 137 Pac. 479; *Canada v. Ihmsen* (1925), 33 Wyo. 439, 240 Pac. 927.

[7] *Gould v. Mansfield, supra,* footnote 6, 103 Mass. at 409; cited with approval in *Hale v. Hale, supra,* footnote 6, 19 S. E. at 741; *In re Edwall's Estate, supra,* footnote 6, 134 Pac. at 1046; *Canada v. Ihmsen, supra,* footnote 6, 240 Pac. at 930; *Rookstool v. Neaf, supra,* footnote 6, 377 S. W. (2d) at 407.

lying the part-performance rule is that equity will not permit the statute, which was designed to prevent fraud, from being used as an instrument of fraud,[8] and acts relied on as a part performance " 'must be such as change the plaintiff's position and would result in a fraud, injustice, or hardship upon him, if the contract were not executed or enforced.' " [9] Appellant in the present case has not changed her position in any way, acted to her detriment, suffered any loss or injury, been placed in a situation from which she could not retreat without prejudice to her rights existing at the time of the agreement, nor been defrauded by relying on the oral agreement. The most that has happened is that her expectations have been smashed. This is not "part performance which amounts to anything" and elevates their agreement beyond the statute.

This conclusion is consistent with the holding of *Kessler v. Olen,*[10] where a father orally agreed to devise all his property to his daughter if she would take care of him. The daughter performed her part of the bargain and brought a suit for specific performance when he failed to leave the property to her as agreed. This court held that the daughter was not entitled to specific performance of the contract (but allowed recovery on a *quantum meruit* theory). If performing of personal services is not a sufficient part performance, *a fortiori,* the mere execution and nonrevocation of a will cannot be.

Appellant contends that *Allen v. Ross* [11] and *Doyle v. Fischer* [12] should be interpreted as controlling the present case. The facts in *Allen* are essentially similar to those in *Doyle:* In both cases two people orally agreed to

---

[8] 1 Page, Wills (Bowe-Parker rev.), p. 470, sec. 10.13.

[9] *Beranek v. Gohr* (1951), 260 Wis. 282, 285, 50 N. W. (2d) 459.

[10] *Supra,* footnote 3.

[11] (1929), 199 Wis. 162, 225 N. W. 831.

[12] (1924), 183 Wis. 599, 198 N. W. 763.

execute wills by which each would leave property to the other if the other person survived and by which the survivor would make specified devises to a third person (or persons). The wills were executed pursuant to the agreement, and one party took under the other's will when the latter died. The survivor then made a disposition (by actual transfer in *Allen* and by a subsequent will in *Doyle*) of the property in contravention of the agreement and the third party brought an action to enforce the agreement. The court held that the oral contract will be enforced in equity.[13] In one very important respect these cases are distinguishable from the present facts. In both *Allen* and *Doyle* one party had reaped the benefits of the will of the other party, and it would have amounted to fraud to have permitted him to dispose of the property acquired contrary to the agreement by which he acquired it. In the case at bar neither party had reaped the benefits of the will of the other party.

Appellant also relies on *Brown v. Webster*,[14] *Woods v. Dunn*,[15] and *Turnipseed v. Sirrine*,[16] to ward off the effect of the general rule in regard to partial performance. In *Brown* a husband and wife, acting according to a parol understanding, executed mutual wills naming the other as sole devisee and legatee. Shortly before he died, the husband executed another will bequeathing his property to others. The supreme court of Nebraska held that not only had the wife partially performed the agreement, but that when she "executed the will . . . and never receded from it, but at all times . . . acted upon

---

[13] Although *Allen* and *Doyle* speak in terms of part performance, this reference is not accurate. This is because the acts which trigger the part-performance rule must be on the part of the party seeking to enforce the contract (promise) and not another party, which was the situation in both cases. *Kessler v. Olen, supra,* footnote 3, at page 669.

[14] (1912), 90 Neb. 591, 134 N. W. 185.

[15] (1916), 81 Or. 457, 159 Pac. 1158.

[16] (1900), 57 S. C. 559, 35 S. E. 757.

it," [17] she performed *in toto*. While at first blush it would appear that the Nebraska court deems the mere execution of a will by the promisee as ample part performance, an examination of the peculiar facts in *Brown* indicates otherwise. At the time of their marriage the husband was worth only $1,000, but the wife inherited $20,000 shortly afterward which she turned over to him for management and investment. Over the next thirty years he parlayed the wife's inheritance into a considerable fortune, part of which he retained in his own name and part of which was put in the wife's name. He never made an accounting to her. Thus the holding was not actually based on the wife's executing a will, but rather turned on the fact that the husband had used his wife's property as a vehicle to accumulate the property which he was attempting to leave to another. It was this reliance and trust on the part of the wife which took the agreement out of the statute of frauds. [18]

*Woods,* which involved an oral agreement whereby the promisees were to attend to the decedent in return for the devise of certain property, is not controlling because the promisees completely performed their part of the bargain by giving up their careers, selling their home, moving onto the land which was to go to them, making improvements to the property, and caring for the promisor, who apparently was a difficult man with whom to associate.

*Turnipseed* differs, as pointed out in *Canada v. Ihmsen,* [19] in that the property, which was the subject of the oral agreement, was personalty, not realty.

[17] *Supra,* footnote 14, 134 N. W. at 188.

[18] In accord, *Rookstool v. Neaf, supra,* footnote 6, 377 S. W. (2d) at 408.

[19] *Supra,* footnote 6. See also *Estate of Burmania, supra,* footnote 3, and *Kessler v. Olen, supra,* footnote 3, which distinguished *Estate of McLean* (1935), 219 Wis. 222, 262 N. W. 707, on the grounds that the latter case involved an oral promise to devise personal property.

*Application of Sec. 238.19, Stats.*

Respondent contends that not only does the oral agreement fail because of a lack of part performance, but also that sec. 238.19, Stats.,[20] bars appellant's claim because Rogers' will does not affirmatively declare that it was made pursuant to a contract. However, appellant is seeking to recover not under the will, which admittedly contains no contract language, but under the oral agreement. Thus, sec. 238.19 is not applicable.

*By the Court.*—Order affirmed.

---

[20] "238.19 WILLS NOT TO BE CONSTRUED CONTRACTUAL. No will shall be construed as contractual unless such fact affirmatively appears in express language on the face of the instrument. This section shall not apply to joint wills which exist as a single document."