**Frank K. MEYER, Individually, etc., et al., Appellants,**

v.

**TEXAS NATIONAL BANK OF COMMERCE OF HOUSTON, Adm., etc., Appellee.**

No. 4554.

Court of Civil Appeals of Texas.

Waco.

March 2, 1967.

Rehearing Denied March 30, 1967.

Hirsch & Westheimer, Charles F. Cockrell, Jr., Andrews, Kurth, Campbell & Jones, Hall E. Timanus, Homer Mabry, Palmer Bradley, Brian E. O'Neill, Houston, for appellants.

Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer, W. J. Knight, Gail Whitcomb, Fred Parks, Bohn Phillips, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Frank Meyer, et al. from a summary judgment, impressing a trust on an undivided two-thirds interest in the estate of Joseph F. Meyer, Jr., in favor of the heirs of Alpha Meyer, deceased.

Plaintiff Bank, administrator of the estate of Alpha Meyer, filed suit against defendants, Estate of Joseph F. Meyer, Jr., deceased, Frank Meyer and George Meyer, alleging Joseph F. Meyer, Jr. and Alpha Meyer, husband and wife, entered into an agreement that each would leave his or her entire estate to the survivor between them; that pursuant to such agreement each executed a will leaving their entire estate to the other; that thereafter on March 13, 1962 Joseph Meyer, Jr., breached said agreement by executing another will leaving two-thirds of his estate to his brothers Frank and George Meyer, and one-third to his wife, Alpha; that Joseph Meyer, Jr., died on May 18, 1962; that Alpha Meyer did not know of Joseph Meyer, Junior's breach of the agreement until after the

death of Joseph Meyer, Jr., and did not revoke her will leaving her entire estate to Joseph Meyer, Jr., prior to her death on June 15, 1962. Plaintiff asserted that by virtue of the agreement Alpha Meyer was vested in equity with the entire estate of Joseph Meyer, Jr., and prayed that an equitable trust be impressed on the two-thirds of the estate bequeathed to Frank and George Meyer, in favor of the estate of Alpha Meyer.

Plaintiff and defendants both moved for summary judgment. The trial court denied defendants' motion, and granted plaintiff's motion, impressing a trust on two-thirds of the estate of Joseph Meyer, Jr., in favor of the estate of Alpha Meyer, deceased.

Defendants appeal on four points, contending the trial court erred in granting summary judgment for plaintiff because:

1) A fact issue exists as to whether Joseph Meyer, Jr. and wife, Alpha Meyer, orally agreed that each would devise his or her estate to the other.

2) If there was an agreement, such was oral, and in contravention of and unenforceable because of the Statute of Frauds.

Defendants' first contention is that a fact issue was made as to whether there was *an oral agreement* between Joseph and Alpha Meyer to will their estates to each other.

The record reflects that on January 10, 1944 Alpha Meyer executed a will leaving her estate to Joseph Meyer, Jr., and that Joseph Meyer, Jr. executed a will on July 21, 1944 leaving his estate to Alpha Meyer. Erna Toner made affidavit that "on numerous occasions both (Mr. and Mrs. Meyer) told me they had executed wills leaving their estates to each other, and that their wills were the result of a mutual agreement between them, and that the wills were not to be revoked." Mrs. DeBrophy made affidavit that Mrs. Meyer told her "she and her husband agreed to make the wills— they agreed to leave everything each one had to the other." Mr. Summers testified

in his deposition that Mr. Meyer told him "that he and Alpha had agreed that they would make their wills to each other; whichever one passed away first would get everything the other one would have." Mrs. Summer's deposition is to the same effect.

Defendants contend that the testimony by deposition of sixteen persons, who were either close friends, relatives or business associates, to the effect that they had no knowledge of an agreement by Mr. and Mrs. Meyer to will their estates to each other, constitutes some evidence there was no agreement. It is asserted these persons would be the ones most likely to have knowledge of any agreement, and that their lack of knowledge produces an inference that no agreement existed. Defendants further contend the affidavits of Mrs. Dennis and Mrs. Lorraine Meyer make for a fact issue as to the existence of any agreement. Mrs. Dennis' affidavit stated: "Mr. Meyer stated to me that he was under no obligation to leave any of his estate to Alpha Meyer" and Mrs. Meyer's affidavit was that "Mr. Meyer * * * stated to me that his wife Alpha was well taken care of and he could do what he wanted to with his property." Mrs. Dennis and Mrs. Lorraine Meyer's affidavits were not a part of the record on summary judgment, but were attached to defendants' motion for new trial. They cannot be considered. Oaxaca v. Lowman, Tex.Civ.App. (nre) 297 S.W. 2d 729.

Under the record on summary judgment it is undisputed that Joseph and Alpha Meyer made an oral agreement to will their estates to one another.

Defendants' second contention is that such oral agreement is unenforceable because of our Statute of Frauds.

Article 3995(4), Vernon's Ann.Texas Statute of Frauds provides that no action shall be brought upon any contract for the sale of real estate unless the agreement be in writing, and signed by the party charged therewith.

Joseph and Alpha Meyer, husband and wife, orally agreed to will their property to each other. Each executed a will leaving their property to the other. Two months before his death, Joseph Meyer covertly and without the knowledge of Alpha Meyer, breached his agreement by executing a new will leaving his wife one-third and his brothers two-thirds of his estate. The wife died 27 days later, without having executed a new will. Alpha's estate seeks enforcement of the oral agreement she made with her husband, and prayed that a trust be impressed in its favor on the two-thirds of the estate devised to the two brothers.

In Kirk v. Beard, Tex.Sup.Ct., 345 S.W. 2d 267, two brothers made an oral contract to devise their property to each other, and further contracted that the survivor would devise all property to named nieces. In such case the brothers executed reciprocal wills as agreed. The first brother died and the second brother took under the first brother's will, but did not will his estate to the nieces. In suit by the nieces to enforce the oral contract the court held an oral agreement to make mutual or reciprocal wills is taken out of the Statute of Frauds by part performance, as by the death of one party, leaving a will in accordance with the agreement, and the acceptance of benefits under such will by the survivor. To the same effect is Larrabee v. Porter, Tex. Civ.App., Er.Ref., 166 S.W. 395.

The precise factual situation here involved has been passed on in other jurisdictions, with a division of the authorities.

The Supreme Court of Washington (1938) In re Fischer's Estate, 196 Wash. 41, 81 P.2d 836, holds execution of the wills under the agreement a sufficient performance to take the oral agreement out of the restrictions of the Statute of Frauds. The Supreme Court of Nebraska (1912) in Brown v. Webster, 90 Neb. 591, 134 N.W. 185, 37 L.R.A.,N.S., 1196, holds an oral agreement to make a reciprocal will, relieved from the Statute of Frauds by the part performance of the making of the wills; and that the contract will be specifically enforced by a court of equity against a devisee of the after made will in breach of the oral contract.

On the contrary, the Supreme Court of Wyoming (1925), Canada v. Ihmsen, 33 Wyo. 439, 240 P. 927, and Wisconsin (1966) In re Estate of Rogers, 30 Wis.2d 284, 140 N.W.2d 273, hold that an oral contract to make a reciprocal will is within the Statute of Frauds, and that if one party covertly revokes the will made pursuant to the oral contract, the other party is precluded by the Statute of Frauds from enforcing, and that the making of the wills pursuant to the oral contract is not sufficient part performance to remove the case from the purview of the Statute. Maloney v. Maloney, 258 Ky. 567, 80 S.W.2d 611 holds the oral contract in such situation within the Statute of Frauds, and notes that the "doctrine of part performance" of oral contracts to avoid the Statute does not prevail in Kentucky.

We think in Texas the doctrine of part performance as recognized in Kirk v. Beard, and Larrabee v. Porter, supra, extends to the factual situation here involved, and that the oral agreement of Alpha and Joseph Meyer, Jr. is not unenforceable because of the Statute of Frauds.

Defendants' points and contentions are overruled.

Affirmed.