## Richmond

ROBERT B. PLEASANTS

v.

GERTRUDE L. PLEASANTS

April 24, 1981.

Record No. 790583.

Present: All the Justices.

*Jack N. Kegley* for appellant.
*Annie Lee Jacobs (Lowe & Gordon, Ltd.,* on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

Gertrude L. Pleasants filed her bill of complaint, seeking partition of a parcel of land on Early Street in Charlottesville, allegedly then owned as tenants in common by her and her former husband, Robert B. Pleasants. Defendant answered that the property involved had been conveyed solely to him and was owned by him in fee simple. Plaintiff, with the court's permission, filed an amended bill of complaint alleging that when the property was purchased from J. E. Early, Jr., and wife on October 28, 1963, it was agreed and understood that it would be conveyed to her and the defendant, husband and wife, as tenants by the entirety, and that the naming of Robert B. Pleasants solely in the granting clause of the deed of conveyance was due to a mutual mistake. She prayed, *aliunde,* for a reformation of the deed to reflect her proper ownership and interest in the property. The court heard the evidence *ore tenus* and held that Robert B. Pleasants "holds legal title to said real estate as constructive trustee on behalf of [Gertrude L. Pleasants] to the extent of one-half the equity thereof." Defendant assigns error to this action by the lower court. Plaintiff assigns cross-error to the failure of the court to reform the deed.

The parties were married on February 12, 1959, and lived together as husband and wife until November 5, 1974. Both parties were employed, and their earnings were deposited in a joint bank account from which they paid taxes, insurance, maintenance, repairs, and usual living expenses. In October 1963, plaintiff and defendant contracted to purchase the subject property from the Earlys for $12,500. The record includes a deed that was prepared by a Charlottesville law firm to be executed by them conveying the property involved to Mr. and Mrs. Pleasants, as tenants by the entirety with right of survivorship as at common law. Without any clear understanding by either Mr. or Mrs. Pleasants of the reason, a second deed was prepared in which only Mr. Pleasants was named as the grantee in the granting clause. It appears that Mrs. Pleasants was then under the age of twenty-one years and the attorney representing the lenders financing the transaction

questioned the advisability of naming an infant as grantee and accepting deeds of trust from her. In any event, the deed which was executed by the Earlys conveyed the property to Robert B. Pleasants only. However, both Mr. and Mrs. Pleasants united in the execution of the deed with the Earlys. On the same day the deed was executed the Pleasants executed a purchase money deed of trust and a second deed of trust to secure various bonds signed by them. The property was described in the body of the deeds of trust as being the same property conveyed to "the parties of the first part" who were shown to be Robert B. and Gertrude L. Pleasants. After purchasing the property, Mr. and Mrs. Pleasants executed four additional deeds of trust thereon over a period of five years, and in each the property was identified as the property conveyed to the "grantors" or "the parties of the first part," using the plural to identify the owners.

The evidence is conclusive that throughout their marriage the parties regarded the property as being in all respects jointly owned. On January 8, 1975, preliminary to the divorce which was granted on May 11, 1976, the parties entered into an agreement to resolve all matters of spousal support, property rights, child custody, and child support. Included in this agreement, which was duly executed by plaintiff and defendant, is the following paragraph:

> The husband and the wife own jointly, as tenants by the entirety, certain real estate situated in the City of Charlottesville, Virginia, and more particularly described as follows: a certain lot or parcel of land with improvements thereon and appurtenances thereunto belonging fronting 48 feet on the east side of Early Street and designated as Lot D on a plat of record in the Clerk's Office of the Circuit Court of the City of Charlottesville in Deed Book 179, page 125.
>
> The husband shall continue to occupy the aforedescribed premises until the parties hereto are finally divorced providing that he pay all taxes and insurance premiums when due and make all payments due on the liens thereon.

After the property settlement agreement was executed, the parties jointly listed their home on Early Street for sale with a Charlottesville real estate agency. When asked if their idea in listing the property was "that you would sell this property and each of you would get a half of the proceeds," the defendant responded, "Right."

An examination of the record, the various exhibits filed, and the testimony of the witnesses establishes clearly and satisfactorily that

throughout the period of their marriage and thereafter until Mrs. Pleasants filed her bill of complaint seeking partition of the property, both parties were under the impression that the land had been conveyed to them jointly and as tenants by the entirety. In fact, the defendant did not know the property had not been conveyed jointly until it was discovered by the attorney representing him in the partition suit. Evidence of the necessity of the substitution of "Robert B. Pleasants" in lieu of "Robert B. Pleasants and Gertrude L. Pleasants, as tenants by the entirety" in the deed from J. E. Early, Jr., and wife is vague and unclear. The attorneys who represented the parties at the closing of the transaction did not recall precisely why the substitution was made, although they were under the impression that it was because of the age of the wife. There is no evidence that Mr. and Mrs. Pleasants concurred in the change, or understood its effect, and there is no evidence that the parties handling the transaction explored other avenues available for the joint purchase of the property by the Pleasants or alternative methods of securing the loans they were obtaining.

It is clear that the plaintiff and defendant thought they were purchasing the property as husband and wife for their joint benefit, and they both continued of this opinion for many years before discovering the mistake. It was also established that Mrs. Pleasants executed the various instruments that were executed by her husband in connection with the property, including bonds, notes, deeds of trust, easements, and its listing for sale. Neither party ever committed any act inconsistent with the plaintiff's allegation that the property was jointly acquired and should have been conveyed to her and her husband jointly.

Under these circumstances it would have been proper for the trial court to decree a reformation of the deed from J. E. Early, Jr., and wife, dated October 28, 1963, thereby granting plaintiff and defendant joint title to the property. In *Gibbs* v. *Price,* 207 Va. 448, 449-50, 150 S.E.2d 551, 552 (1966), we held:

> Equity has undoubted jurisdiction to reform an instrument if it does not express the intent of the parties. Equity should give effect to the true intent of the parties, despite a contrary intent reflected by a writing the parties mistakenly believed to monument their bargain.

However, during the pendency of this proceeding, Mr. and Mrs. Pleasants, by agreement, sold the property in controversy, satisfied all liens against it, and deposited the sum of $19,347.92 in an escrow account pending a final determination of the party or parties entitled

to the funds. The court below, having concluded that the defendant held legal title to the real property in controversy as constructive trustee on behalf of the plaintiff to the extent of one-half the equity thereof, decreed that each of the parties is entitled to one-half of the proceeds of the sale of this property. It also provided that the defendant should receive credit for $1,000 representing principal payments made by him subsequent to the final decree of divorce. This credit allowance is not challenged by appellee.

It is unnecessary for us to decide whether the defendant held his former wife's one-half interest as trustee, and the agreed sale of the property obviates the necessity of a reformation of the Early deed. Equity will decree that as done which by agreement is agreed to be done and is proper to fully effectuate the intentions of the parties concerned. *See Dulaney* v. *Willis,* 95 Va. 606, 608, 29 S.E. 324 (1898); 1 Minor on Real Property 773 (2d ed. Ribble 1928). The evidence having established the plaintiff's right to an undivided one-half interest in the real property which was the subject matter of this suit, we will affirm the action of the court below.

*Affirmed.*