## Joyce Fisher, et al.

### v.

## Cheryl Cavener Bauer, et al.

Record No. 921684

November 5, 1993

Present: All the Justices

*Richard T. Robb* for appellants.

No brief or argument for appellees Cheryl Cavener Bauer and William Hurt.

JUSTICE KEENAN delivered the opinion of the Court.

The issue presented in this appeal is whether the trial court erred in sustaining a demurrer to a bill of complaint for specific performance of a separation agreement in which the defendant was neither a party nor a representative in interest of a party to the agreement.

The issue arises from a separation agreement made by Hazel Joyce Cavener, now Joyce Fisher, and James J. Cavener in August, 1978. The parties agreed that James Cavener would pay Fisher $1,200 per month for 12 years, that these payments would continue unless Fisher should die before the end of the 12-year period, and that "[a]ny other event will not [a]ffect this support." The agreement also provided that Cavener would maintain a $100,000 life insurance policy, assigning one-half of the benefit coverage to his daughters, Deidre Cavener White, Kimbre Cavener, and Robin Cavener.

James Cavener died two years before the end of the 12-year period of support. After Cavener's death, Fisher received no support payments. Also, at the time of his death, Cavener did not have an insurance policy naming his daughters as beneficiaries. Cheryl Cavener, now Bauer, James Cavener's widow, was the sole beneficiary of his insurance policies.

Joyce Fisher and Cavener's daughters (collectively, Fisher) filed a bill of complaint against Cheryl Cavener and William R. Hunt, executor of the estate of James Cavener, seeking, in Count III, relief "in the nature of specific performance" of the separation agreement. Cheryl Cavener demurred to Count III, asserting that Fisher

had no claim for specific performance against her, because she was neither a party to the contract nor a representative in interest of such a party. After indicating that Fisher should be seeking the imposition of a constructive trust, not specific performance, the trial court sustained the demurrer to Count III and granted Fisher leave to amend.

Fisher amended Count III, abandoning her request for specific performance. Instead, she sought recovery on theories of constructive trust, resulting trust, and express trust. Following a bench trial, the trial court struck Fisher's evidence on all counts. Fisher appeals only the ruling sustaining the demurrer to her original Count III.

On appeal, Fisher argues that James Cavener had an obligation under the separation agreement to insure that all its terms could be fulfilled. She contends that, in violation of this obligation, he placed all his property in joint tenancies and other arrangements that resulted in the transfer of all his assets to Cheryl Cavener upon his death. Fisher argues that, since James Cavener's actions prevented performance of the agreement upon his death, she is entitled to specific performance against Cheryl Cavener, in order to obtain the benefit of her bargain. We disagree.

As this Court stated in *Robertson v. Gilbert*, 219 Va. 620, 624, 249 S.E.2d 787, 789 (1978), "[s]pecific performance is not a remedy of right. To invoke this extraordinary equitable remedy, the complainant must first prove a contract enforceable at law." In the present case, the contract would not be enforceable at law against Cheryl Cavener because there is no privity of contract between her and Fisher. *See Soble v. Herman*, 175 Va. 489, 495, 9 S.E.2d 459, 461-62 (1940). Thus, as James Cavener's creditor, Fisher had no right to charge his heir with individual liability for a debt Cavener owed. *Id.*

This limitation on the remedy of specific performance was first articulated by this Court in *Hoover v. Calhoun*, 57 Va. (16 Gratt.) 109 (1860). The Court held that "there can be no decree for specific performance, except between the parties themselves, or those claiming under them in privity of estate, or of representation, or of title; for a contract can only be enforced between the parties themselves, or their representatives in interest." *Id.* at 113.

As executor, William R. Hunt is the proper party defendant in suits upon James Cavener's contracts. *See* Code § 64.1-144. In her prayer for relief, however, Fisher did not seek specific performance

of James Cavener's contract by his legal representative, the executor. Instead, she sought a remedy "in the nature of specific performance" from Cheryl Cavener, asking the court to order that the nonprobate property transferred by James Cavener to Cheryl Cavener "remain assets for the payment of the obligations to the [c]omplainants arising under the separation agreement." Such a remedy, however, would contravene the rule in *Hoover*, because Cheryl Cavener was neither a party, nor a representative in interest of a party, to the contract, but merely a recipient of non-probate assets outside the control of the executor.

■ We disagree with Fisher's contention that several opinions of this Court, involving contracts to make a will, support an award of specific performance in the case before us. Those cases hold that property contracted to be devised may be impressed with a trust in favor of the intended beneficiary of the contract. Thus, where specific performance cannot be decreed, because there is no contract enforceable at law between the parties, the remedy of an equitable trust may be employed to reach an equivalent result. *Story v. Hargrave*, 235 Va. 563, 569, 369 S.E.2d 669, 672-73 (1988); *Wright v. Dudley*, 189 Va. 448, 457, 53 S.E.2d 29, 33 (1949); *Williams v. Williams*, 123 Va. 643, 647, 96 S.E. 749, 750-51 (1918); *Milton v. Kite*, 114 Va. 256, 262-63, 76 S.E. 313, 315 (1912); *Burdine v. Burdine's Ex'r*, 98 Va. 515, 519, 36 S.E. 992, 993 (1900).

As this Court explained in *Burdine*, an agreement to dispose of property by will cannot be specifically enforced since, during the testator's lifetime, all his testamentary papers are revocable. Further, after the testator's death, there can be no specific enforcement because it is no longer possible for him to make a will. 98 Va. at 519, 36 S.E. at 993. Nevertheless, in fashioning relief, "courts of equity can do what is equivalent to a specific performance . . . by compelling those upon whom the legal title has descended to convey or deliver the property in accordance with its terms, upon the ground that it is charged with a trust." *Id. See also Story*, 235 Va. at 569, 369 S.E.2d at 672-73.

As noted above, the trial court considered Fisher's request for the imposition of such a trust in the trial of amended Count III, and Fisher has not appealed the decision striking her evidence on that claim. Since specific performance is a separate and distinct cause of action, one which does not lie against Cheryl Cavener, we conclude

that the trial court did not err in sustaining the demurrer to Fisher's original Count III.

For these reasons, we will affirm the trial court's judgment.

*Affirmed.*