# CIRCUIT COURT OF THE CITY OF RICHMOND

Robert C. King, Jr.

v.

Richmond Motor
Co., Inc., et al.

May 30, 2001

Case No. HN-1887

BY JUDGE MELVIN R. HUGHES, JR.

In this case, plaintiff seeks specific performance of an express oral agreement or, in the alternative, equitable enforcement of the agreement on the grounds of breach of contract and fraud. The case is before the court on defendants' demurrer. The court will accept as true all facts alleged in plaintiff's Bill of Complaint and all reasonable inferences therefrom to determine whether the pleadings are sufficient to state a cause of action. *See Rosillo v. Winters*, 235 Va. 268, 270 (1988).

Briefly, the facts can be outlined as follows. On or about September 28, 1998, plaintiff, Robert C. King, Jr. (King, Jr.) entered into an agreement with defendants Richmond Motor Company, Inc., and Robert C. King, Sr. (King, Sr.). Richmond Ford is a Ford automobile dealership owned by King, Sr. and his brother Waverly G. King, Jr. The parties agreed that King, Jr. would not compete in the same business as Richmond Ford and King, Sr. as long as King, Sr. and his family owned the dealership. In exchange, Richmond Ford and King Sr. agreed to pay King, Jr. a "monthly salary equivalent," insurance, and other benefits. These mutual promises were to be performed for "as long

as the King family owned the dealership." All parties performed fully under the agreement until November 1999.

On or about December 1, 1999, defendants reduced King, Jr.'s salary. A month later they reduced it further, and, around the last week of April 2000, they completely stopped making payments to King, Jr., also reducing benefits.

Asserting that there is no adequate remedy at law which would make him whole, King, Jr. alleges he has continued to perform under the agreement and thereby is entitled to the "salary equivalent" and other benefits due until the breach and the dealership is sold.

Alternatively, King, Jr. claims that Richmond Ford and King, Sr. fraudulently induced him to enter into the agreement. At the time the agreement was negotiated, unknown to King, Jr., King Sr. and Richmond were attempting to sell the dealership. King Jr.'s promise to not compete was important to the negotiations for the sale and added value to the dealership's "good will." As a result of the defendants' keeping the fact of the potential sale from him, the defendants fraudulently induced the non-compete agreement and, having obtained the benefit of performance, the defendants are equitably estopped from denying the agreement and should be compelled to fully perform.

Defendants demur to the two counts listed in the Bill of Complaint, specific performance and fraudulent inducement, on the grounds that, (1) the acts alleged do not constitute fraudulent inducement, (2) the non-compete portion of the agreement is unenforceable, and (3) no ground exists for specific or "equitable" enforcement even assuming the agreement is enforceable. The court agrees with the defendants' assessment in part, and the demurrer will be sustained in part and overruled in part.

The monthly "salary equivalent" as alleged consists of salary, insurance and other related benefits, including life and health insurance, 401K plan participation, use of two automobiles, gasoline, credit cards, club dues, and expenses and telephone and pager expenses.

First, as to fraudulent inducement, the Complaint fails to allege anything other than a contract that the defendants later breached. For fraud, something more than a mere non-performance of contract needs to be alleged. Here, all that is stated is that the defendants promised to perform but ultimately failed to do so. It is incumbent on a plaintiff charging fraud to establish with particularity a false misrepresentation of material fact made intentionally and knowingly with the intent to mislead and reliance by the plaintiff who is misled resulting in damages. *See Winn v. Aleda Constr. Co.*, 227 Va. 304, 308 (1984). To be actionable for fraudulent inducement, the misrepresentation must be one of present fact and not merely a general guarantee or a promise

as to future events. *See Elliot v. Shore Stop, Inc.*, 238 Va. 237, 245 (1989). An exception applies, however, when a plaintiff makes out a case for fraud based on the promisor's present intent not to perform when the promise is made. *See id.* at 245.

Here, plaintiff only alleges that Richmond Motor and King, Sr. induced him to promise to not compete "during a critical time in their negotiations." He fails to allege that the defendants made a misrepresentation of a material fact or that they made their promises with the present intention not to fulfill them. Thus, the demurrer as to fraudulent inducement is sustained.

Next is the specific performance count. To be enforceable in equity, a contract must satisfy all the requirements of the law. 17 Michie's Jurisprudence, *Specific Performance*, § 6 (Michie's 1994 and 2000 Supplement) (citing *Fisher v. Bauer*, 246 Va. 490, 492 (1993)). Here, defendants attack on demurrer the alleged contract's validity for lack of consideration and mutuality. Defendants argue that because the covenant not to compete is not enforceable that the alleged agreement lacks consideration and mutuality.

As to consideration, a promise to refrain from competition may constitute valid consideration for a contract provided the promise is not contrary to law or public policy. *See Roanoke Eng'g Sales Co. v. Rosenbaum*, 223 Va. 548, 552 (1982); *Paramount Termite Control Co. v. Rector*, 238 Va. 171, 174 (1989). The law tests the enforceability of a non-compete covenant by examining whether the restrictions on competition are reasonable. So, arguably here, the contract may be supported by consideration (promised exchanges for forbearance, detriment) but the question then becomes whether the resulting bargain is enforceable.

Virginia courts apply a three-prong analysis in determining whether a covenant not to compete is enforceable. *See Blue Ridge Anesthesia v. Gidick*, 239 Va. 369, 371-72 (1990). Generally, courts ask if the restraint is "reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest." *Id.* at 372.

Courts do not enforce covenants not to compete whose duration and geographical scope is not narrowly and specifically related to the legitimate business interests of the employer. Unbounded terms in such agreements have been said to be an unreasonable limitation on a person's legitimate effort to earn a living. The court recognizes that King, Jr. has not pleaded either a time or geographic limitation with respect to the alleged covenant not to compete. At this stage, however, facts remain to be developed concerning, among other things, the employer's business interest and the effects of the agreement on the

plaintiff. Thus, facially, this covenant not to compete has valid consideration for the agreement between the plaintiff and defendants.

As to mutuality, the law requires that both of the contracting parties be bound in some way to perform, as here, when King, Jr. made a promise not to compete and the defendants made a promise to compensate him for not competing. "Where one makes a promise conditioned upon the doing of an act by another and the latter does the act, the contract is not void for want of mutuality, and the promisor is liable though the promisee did not at the time of the promise engage to do the act; for upon the performance of the condition by the promisee, the contract becomes clothed with a valid consideration which makes the promise obligatory." *Twohy v. Harris*, 194 Va. 69, 81 (1952) (citing 12 Am. Jur., *Contracts*, § 14, p. 512). Here, the defendants promised to pay King, Jr. provided he did not compete with Richmond Ford. King, Jr., in fact, abstained from competing, so the contract became "clothed with valid consideration" and the defendants become liable to pay; therefore, the parties were then bound by mutual obligations.

Finally, the court will address the defendants' argument that even if the agreement is enforceable that no grounds exist for specific or equitable performance. Defendants' main contention is that specific performance would require "the frequent interposition of the court." Defendants fail to recognize, however, that the plaintiff has no adequate remedy at law. Even though the damages might be ascertainable to a point, because the agreement is for an unspecified length of time, the plaintiff conceivably would have to resort to filing one suit for damages after another which is not considered an adequate remedy at law. *See Chattin v. Chattin*, 245 Va. 302, 306 (1993) (recognizing that specific performance is an appropriate remedy to enforce a spousal support agreement requiring monthly payments of a period of seven and a half years). Moreover, the court should await further developments in the case to define what role estoppel may bear on the outcome, given that defendants have performed and now wish to avoid the agreement as not enforceable if they were plaintiffs.

Accordingly, for the foregoing reasons, the demurrer is sustained as to the fraudulent inducement count; it is overruled as to the specific performance count.