## CIRCUIT COURT OF HANOVER COUNTY

Citimortgage, Inc.,
and Stewart Title
and Escrow, trustee

v.

Lora N. Hayes

February 1, 2011

Case No. CL10000509-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Defendant's Demurrer to Plaintiff's Complaint. The Court heard argument on November 12, 2010, and took the matters under advisement. After careful review and consideration, the Court rules as follows.

### I. *Background*

Plaintiff commenced this action in the Hanover County Circuit Court on May 11, 2010. Plaintiff's Complaint sets forth the following pertinent allegations.

Property located in Hanover County was conveyed to Robert W. Hayes, Jr. ("Mr. Hayes") and Lora N. Rolan (now known as Lora N. Hayes and hereinafter "Defendant") by deed dated November 6, 1997. At the time of the conveyance, Mr. Hayes and Defendant were not married. The property was conveyed to them as joint tenants with the right of survivorship. Simultaneously with the conveyance, Mr. Hayes and Defendant made and executed a deed of trust note and a deed of trust securing the note to secure $108,300 payable to GMAC Mortgage Corporation (the "Original Deed of Trust"). The Original Deed of Trust was secured by the property.

Mr. Hayes and Defendant married. Subsequently, on August 13, 1998, Mr. Hayes and Defendant executed a Deed of Gift conveying the property

to themselves as tenants by the entirety with the right of survivorship. The Deed of Gift was recorded on August 19, 1998. Mr. Hayes and Defendant decided to refinance the Original Deed of Trust with a new loan in the original principal amount of $107,400 (the "Refinance Loan") to pay off the loan secured by the Original Deed of Trust. To secure the Refinance Loan, Mr. Hayes alone executed and delivered a deed of trust dated August 26, 2002, to secure the sum of $107,400 (the "Refinance Deed of Trust"). The proceeds from the Refinance Loan were used to pay off the Original Deed of Trust held by GMAC Mortgage Corporation.

The Refinance Deed of Trust purports to convey the entire fee simple interest in the property to the Trustee. It also states that Mr. Hayes covenants that he is "lawfully seised of the estate hereby conveyed and has the right to grant and convey the property. . . ." The Refinance Deed of Trust was recorded on August 26, 2002, and, on that date, the property was owned by Mr. Hayes and Defendant as tenants by the entireties as evidenced by the Deed of Gift.

Plaintiffs do not allege that Mr. Hayes or Defendant did anything to intentionally or unintentionally indicate to Plaintiffs that Defendant was not a title owner of the property.

Mr. Hayes died on March 10, 2008, survived by Defendant. Defendant defaulted in the payments due under the Refinance Loan resulting in the Refinance Loan being accelerated. The Lender commenced foreclosure proceedings against the property. Prior to the sale, it was determined that Defendant has not signed or been listed as a grantor on the Refinance Deed of Trust.

Plaintiffs' Complaint contains seven counts. Defendant has demurred to each of the seven counts.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379,

382, 493 S.E.2d 516, 518 (1997); *see Dodge v. Randolph-Macon Women's College*, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

## III. *Analysis*

### A. *Count I*

Count I of Plaintiffs' Complaint requests that the Court quiet title to the property at issue. At the November 12, 2010 hearing, Plaintiff's counsel conceded that Defendant owns the property and that title is not in question at all. The Court agrees, and sustains Defendant's Demurrer as to Count I.

### B. *Count II*

Count II of Plaintiffs' Complaint requests that the Court reform the Refinance Deed of Trust by adding Defendant as a grantor.
Under Virginia law:

> [t]he equitable remedy of reformation provides relief against a mistake of fact in a written instrument in only two instances. The first is where the mistake is mutual, that is, where both parties sign an instrument mistakenly believing it reflects their antecedent bargain. The second is where "there is mistake on the part of [only] one party," that is, the mistake is unilateral, but it is accompanied by "misrepresentation and fraud . perpetrated by the other."

*Ward v. Ward*, 239 Va. 1, 5, 387 S.E.2d 460, 462 (1990) (citations omitted).
In this case, Plaintiffs are requesting that the Court reform the transaction between Mr. Hayes and the mortgage company. Mr. Hayes is not named as a party in the Complaint, and Plaintiffs' counsel concedes that Defendant did not sign the Refinance Deed of Trust. Plaintiffs cannot allege that Plaintiffs and Defendant signed the Refinance Deed of Trust mistakenly believing it reflected their antecedent bargain. Furthermore, Plaintiffs cannot allege that there was a unilateral mistake on their part, accompanied by misrepresentation and fraud perpetrated by Defendant. Therefore, the Court sustains the Defendant's Demurrer as to Count II.

### C. *Count III*

Count III of Plaintiffs' Complaint requests that the Court direct Defendant to re-execute and record an executed Refinance Deed of Trust reflecting that Mr. Hayes and Defendant are grantors on the Refinance Deed of Trust.

Under Virginia law, "there can be no decree for specific performance, except between the parties themselves, or those claiming under them in privity of estate, or of representation, or of title; for a contract can only be enforced between the parties themselves, or their representatives in interest." *Fisher v. Bauer*, 246 Va. 490, 492, 436 S.E.2d 602, 604 (1993).

Again, Plaintiffs' counsel concedes that Defendant did not sign the note or the Refinance Deed of Trust. The parties to the agreement are the lender and Mr. Hayes. The Plaintiffs cannot allege the existence of a contractual relationship between Plaintiffs and Defendant, nor can they allege that Defendant's title arises as a "representative in interest." Therefore, the Demurrer is sustained as to Count III.

## D. *Count IV*

Count IV of Plaintiffs' Complaint requests that the Court equitably subrogate Plaintiffs to the Original Deed of Trust with GMAC. In this case, GMAC Mortgage, the original lender, has no rights to which Plaintiffs' can be subrogated. Therefore, The Demurrer is sustained as to Count IV.

## E. *Counts V and VI*

Counts V and VI of Plaintiffs' Complaint allege unjust enrichment. Plaintiffs are seeking cumulative relief for their unjust enrichment claim. Specifically, Plaintiffs are seeking the imposition of a constructive trust for the benefit of Plaintiffs and judgment against Defendant for the amounts due under the refinance loan.

Virginia law recognizes the quasi-contract action to recover unjust enrichment.

> To establish a quasi-contract a plaintiff generally must show three elements: (1) A benefit conferred on the defendant by the plaintiff; (2) [k]nowledge on the part of the defendant of the conferring of the benefit; and (3) [a]cceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value.

*Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990).

In this case, Plaintiffs' Complaint alleges that Defendant purchased the property with Mr. Hayes using money obtained from the GMAC deed of trust. Defendant owed $108,300 to GMAC under the GMAC deed of trust which was paid off in full by the refinance deed of trust. Plaintiffs' allegations are sufficient for the Court to reasonably infer from the facts alleged that a benefit was conferred on Defendant by Plaintiff. Next,

Plaintiffs alleges that Mr. Hayes and Defendant elected to refinance the GMAC deed of trust and the money from the refinance deed of trust paid off the Defendant's debt to GMAC. Based on the facts alleged, the Court can reasonably infer that Defendant knew of the conferring of the benefit from Plaintiffs. Finally, Plaintiffs allege that Defendant currently resides at the Property, is the owner of the Property, and has failed to make payments on the refinance deed of trust. The Court can infer from the facts alleged that Defendant accepted and retained the benefit of the refinance deed of trust. Accordingly, the Court overrules the Demurrer to Counts V and VI.

### F. *Count VII*

Count VII of Plaintiffs' Complaint requests that the Court follow the maxim "equity regards as done that which ought to be done" and enter an order establishing the Refinance Deed of Trust as a valid first priority lien on the property.

"Equity has undoubted jurisdiction to reform an instrument if it does not express the intent of the parties. Equity should give effect to the true intent of the parties, despite a contrary intent reflected by a writing the parties mistakenly believed to monument their bargain." *Pleasants v. Pleasants*, 221 Va. 1017, 1020, 277 S.E.2d 170, 172 (1981). In this case, Plaintiffs have not alleged that they entered into a written agreement with Defendant mistakenly believing that it reflected their bargain. In fact, Plaintiffs have not, and cannot, allege that Defendant is a party to the Refinance Deed. Therefore, the Demurrer is sustained as to Count VII.

### IV. *Conclusion*

For the foregoing reasons, the Demurrer to Counts I, II, III, IV, and VII is sustained. The Court finds that Plaintiffs would be unable to amend their Complaint to state a claim for quiet title, reformation, specific performance, equitable subrogation, or "equity should do what should have been done." Consequently, Counts I, II, III, IV, and VII are dismissed with prejudice.